IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| THE TOPPS COMPANY, INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| LUIS DIAZ, | ) | EQUITABLE RELIEF IS SOUGHT |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The Topps Company, Inc. ("Topps"), for its Complaint against Defendant Luis Diaz, alleges as follows:

INTRODUCTION

For more than a half century, Topps has been one of the nation's most well-known creators and distributors of a wide variety of popular collectible trading cards, ranging from sports cards (such as baseball and football) to cards celebrating American history (such as the AMERICAN HERITAGE: AMERICAN HEROES series) to cards featuring popular motion pictures (such as STAR WARS) and television shows (such as THE WALKING DEAD).

During those same years, Topps has created several series of trading cards and stickers that parody and poke fun at American icons, ranging from famous brands (in its WACKY PACKAGES® stickers) to celebrities (in its HOLLYWOOD ZOMBIES® series).

Perhaps Topps' most famous and successful parody series is the GARBAGE PAIL KIDS®. Launched in 1985, the GARBAGE PAIL KIDS series was an immediate success, generating millions of dollars in sales and eventually expanding its scope to a motion picture, television series, and

various licensed products bearing the GARBAGE PAIL KIDS trademarks and trade dress. An enthusiastic and knowledgeable fan base for the GARBAGE PAIL KIDS creations has grown over the years. Along the way, those GARBAGE PAIL KIDS trademarks and trade dress have become distinctive and invaluable symbols of excellence uniquely associated with Topps and the exceptional qualities associated with its parody products.

This lawsuit involves the infringement and dilution of Topps' GARBAGE PAIL KIDS trademarks and trade dress by a former GARBAGE PAIL KIDS freelance artist who decided to exploit his prior relationship with Topps through a line of knock-offs under the confusingly similar name "Garbage Parody Kids" (and, occasionally, "Gavage Parody Kids"). Topps brings this action for trademark and trade dress infringement and unfair competition under federal and Illinois law, seeking injunctive relief and such damages and other relief as the proof may show.

### THE PARTIES, JURISDICTION, AND VENUE

1.   Plaintiff Topps is a corporation organized and existing under the laws of Delaware with a principal place of business at One Whitehall Street, New York, NY 10004.

2.   Defendant Diaz is an Illinois citizen residing within this District at 2301 S. 1st Street, Apt 304, Champaign, IL 61820-74.

3.   This is an action for trademark infringement, trademark dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended (the "Lanham Act"), and for common law trademark infringement and unfair competition under the laws of the State of Illinois.

4.   This Court has original subject matter jurisdiction over Topps' claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over Topps' state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant in that he resides in this District.

6. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 in that, among other things, Defendant resides here.

**BACKGROUND FACTS**

**The GARBAGE PAIL KIDS**

7. Topps launched its GARBAGE PAIL KIDS series in 1985. The first sticker in the series was Nasty Nick, a copy of which is displayed below in Figure 1:



(Figure 1)

8. During the first three years, Topps created, marketed, and distributed fifteen series of GARBAGE PAIL KIDS®, totaling 620 different stickers. During that initial run, the GARBAGE PAIL KIDS generated approximately $80 million in US sales and $20 million in overseas sales. A sampling of those stickers is displayed below in Figure 2:



(Figure 2)

9. The success and fame of Garbage Pail Kids® spread beyond the stickers to a variety of Topps-licensed merchandise (such as t-shirts, school folders, sticker albums, jewelry, key chains, skateboards, and wastebaskets) along with the 1987 motion picture *The Garbage Pail Kids Movie* (subsequently released on DVD by MGM), and the *Garbage Pail Kids* animated television series (subsequently released on DVD by Paramount in 2006).

10. Examples of the historical and continued widespread recognition and fame of the Garbage Pail Kids property include:

        a. Publication of a book on the history of the Garbage Pail Kids phenomenon, the cover of which is shown below:


(Figure 3)

b. The ongoing references to the GARBAGE PAIL KIDS stickers in the ABC TV hit sit-com "The Goldbergs," which Topps commemorated with the card displayed below:


(Figure 4)

c. A comic book series (the cover of one issue is shown below):



(Figure 5)

    d.   Digital GARBAGE PAIL KIDS stickers available from the iTunes App store, as

shown below:



(Figure 6)

**The GARBAGE PAIL KIDS Trademarks**

11. Topps owns the following federal trademark registrations for its GARBAGE PAIL

KIDS® mark:

- U.S. Reg. No 1,359,512 (registered September 10, 1985); and.

- U.S. Reg. No. 2,917,278 (registered January 11, 2005).

Both of trademark registrations are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12. Topps also owns the pending trademark application to register its GARBAGE PAIL KIDS mark in International Class 009 for "downloadable images and graphics in the nature of digital stickers." (Application Serial No. 87/310301)

13. During the years since Topps first launched its GARBAGE PAIL KIDS in 1985, the series has also come to be known to many in the public by its initials: GPK.

14. As with GARBAGE PAIL KIDS, GPK® has become a distinctive brand for that series and a symbol of excellence and creativity uniquely associated with Topps and its parody products. Accordingly, Topps now owns a federal registration for the GPK® mark (U.S. Reg. No. 4,889,662) and has two pending applications to register the GPK mark (Serial Nos. 86/720004 and 87/310289). (The GARBAGE PAIL KIDS® and the GPK® trademarks shall be referred to collectively as the "Topps Trademarks.")

## The GARBAGE PAIL KIDS Trade Dress

15. As shown above in Figure 1 (on page 3, *supra*), the first sticker in the GARBAGE PAIL KIDS series was Nasty Nick.

16. Over the decades since then, as shown below, Topps has maintained the distinctive trade dress design first introduced by the Nasty Nick sticker—a trade dress with the following features:

    a. The uppercase GARBAGE PAIL KIDS trademark is displayed in a colored banner centered above the character's head;

b. The specially designed font in that banner is in a distinctively blurred typeface in which the letters appear to be leaking;

c. The character itself is in a distinctively cartoonish and comically grotesque style;

d. The character's name (usually a clever pun) is displayed in a banner centered below the character;

e. That character's name consists of two words—the name itself and a one-word descriptor, such as "Shrunken Ed" or "Jolted Joel."

f. Both the one-word name and the one-word descriptor are in uppercase letters, with the descriptor in a smaller font size than the name itself.

This distinctive trade dress is shown in a variety of GARBAGE PAIL KIDS® stickers below in Figures 7 and 8:



(Figure 7)



(Figure 8)

17.     Over the years, the series has also featured parodies of political figures, pop-culture icons, and other celebrities.

18.     Another distinctive characteristic of the GARBAGE PAIL KIDS® products is the creation of more than one version of the identical character and giving each version a different name. The two stickers—the "a" and "b" versions—have the same sticker number in the upper-right corner but are further identified as the "a" version or the "b" version in that number, such as the pair displayed below in Figure 9, labeled 138a and 138b:



(Figure 9)

19.  The trade dress of the GARBAGE PAIL KIDS® stickers is not merely distinctive but unique in the industry. Upon information and belief, there are no other authorized trading card or sticker series with a trade dress similar to the GARBAGE PAIL KIDS® trade dress.

20.  Because of Topps' consistent use of the distinctive design elements of its GARBAGE PAIL KIDS stickers for more than three decades and the widespread marketing, publicity, and sales of those stickers and the licensed merchandise incorporating the trade dress of those stickers, the trade dress of the GARBAGE PAIL KIDS products (the "Topps Trade Dress") has become a famous and protectible symbol of excellence uniquely associated with Topps and its parody products.

**Defendant's Infringements of Topps' Trademarks and Trade Dress**

21.  As he describes himself on his website (luisdiazart.com), Defendant Diaz is an illustrator and graphic designer who "is best known for his work on Topps' Garbage Pail Kids and Wacky Packages."

22.  Defendant performed those freelance services on the GARBAGE PAIL KIDS series from approximately 2004 to 2010.

23. In late 2012, Topps discovered that Defendant was marketing and promoting a series of works under the brand "Garbage Parody Kids." In addition to using a trademark that is confusingly similar to the Topps Trademarks, including the identical GPK initials, Defendant had copied the distinctive trade dress of the Topps Trade Dress, as shown in Figure 10 below.



(Figure 10)

24. Upon its discovery that Defendant was marketing and selling his infringing Garbage Parody Kids works (the "Diaz GPK knock-offs"), Topps sent him a notice demanding that he cease his infringing conduct. Through his attorney, Defendant agreed to halt his misconduct. Believing that Defendant would honor his agreement, Topps final notice to Defendant in March of 2013 concluded as follows:

> Topps recognizes your skill as an artist, and has no wish to interfere with your creation of new works in your own style. But we must insist that you do so without infringing Topps' intellectual property. The work you created on behalf of Topps belongs to Topps. You may not copy or adapt any of your Topps art into any new works that you create.

Because [your] "Creatura 3" is a limited edition of 20 prints, Topps is willing to allow you to sell off the remainder of that inventory, and to forebear from any action on the "Slaying Jason" infringement. However, if we notice new, repeated uses of Topps' copyrighted artwork in your future works, Topps will not hesitate to enforce its intellectual property rights, and reserves the right to commence litigation without further notice to you.

25. Topps assumed that the matter had been resolved and that Defendant would cease his infringing activities.

26. Topps recently discovered that Defendant continues to violate the intellectual property rights of Topps and is marketing a new set of Diaz GPK knock-offs (including some named "Gavage Parody Kids") that infringe and dilute Topps' Trademarks and Trade dress.

27. In creating the Diaz GPK knock-offs, Defendant has copied not merely the Topps Trademarks and Trade Dress but often features a cartoon character in a confusingly similar style and theme from an original Topps' GARBAGE PAIL KIDS sticker, thereby increasing the likelihood of confusion and dilution. Two such examples of this illegal copying are displayed below in Figure 12.

| Garbage Pail Kids® Sticker | Diaz GPK Knock-Off |
|---|---|
|  |  |

| Garbage Pail Kids® Sticker | Diaz GPK Knock-Off |
|---|---|
|  | |

(Figure 12)

Several other examples of Defendant's copying of original GARBAGE PAIL KIDS stickers are displayed in Exhibit 1 to the Complaint, incorporated here by reference.

28.     Moreover, in creating his Diaz GPK Knock-offs, Defendant has copied another distinctive element of the Topps Trade Dress, namely, creating duplicate (or even triplicate) versions of the same image, each with a different name and identified by the letter "a," "b" or "c" after the number in the upper-right corner of the card, examples of which are shown in Figure 13 below:



(Figure 13)

# FIRST CLAIM FOR RELIEF

## (Trademark and Trade Dress Infringement – 15 U.S.C. §§ 1114 and 1125)

29. Topps hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

30. The Topps Trademarks and Trade Dress in its iconic GARBAGE PAIL KIDS products and the goodwill of the business associated with them in the United States and throughout the world are of significant value, are highly distinctive and arbitrary, and have become widely associated in the public mind with products of the very highest quality and reputation finding their source in Topps.

31. Without Topps' authorization or consent, and having personal knowledge (a) of Topps' famous prior rights in the Topps Trademarks and Trade Dress, and (b) that the Diaz GPK knock-offs are confusingly similar to the Topps Trademarks and Trade Dress, Defendant has nevertheless intentionally and knowingly advertised, distributed, offered for sale and sold his Diaz GPK knock-offs to the consuming public in direct competition with Topps' sale of genuine GARBAGE PAIL KIDS® products, in or affecting interstate commerce.

32. Defendant's use and marketing of the Diaz GPK knock-offs is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Diaz GPK knock-offs, and is likely to deceive the public into believing the Diaz GPK knock-offs originate from, are associated with, or are otherwise authorized by Topps, all to the damage and detriment of Topps's reputation, goodwill, and sales.

33. Defendant's use of trademarks and trade dress in the Diaz GPK knock-offs that are confusingly similar to the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products to advertise, distribute, offer for sale and sell the Diaz GPK knock-offs to the

consuming public was done with the willful intent to trade on Topps' reputation and/or to infringe the Topps Trademarks and Trade Dress.

34. Topps does not have an adequate remedy at law and, if Defendant's activities are not enjoined, Topps will continue to suffer irreparable harm and injury to its goodwill and reputation.

35. As a result of Defendant's activities, Topps has been damaged in an amount to be ascertained at trial.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))

36. Topps hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

37. The Topps Trademarks and Trade Dress are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous marks prior to Defendant's conduct as alleged in this Complaint.

38. Defendant's advertisement, distribution, sale, and offer for sale in commerce of the Diaz GPK knock-offs is likely to cause dilution by blurring or dilution by tarnishment of the distinctive quality of the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products, and was done with the willful intent to trade on Topps' reputation and/or to cause dilution of the Topps Trademarks and Trade Dress.

39. Defendant's unauthorized use of the Topps Trademarks and Trade Dress was done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Topps.

40. These acts by Defendant are in knowing and willful violation of Topps' rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41. Topps has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Topps' goodwill and reputation.

42. As a result of Defendant's activities, Topps has been damaged in an amount to be ascertained at trial.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin – 15 U.S.C. § 1125(a))

43. Topps hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

44. The Diaz GPK knock-offs are of the same nature and type as Topps' GARBAGE PAIL KIDS products; as such, Defendant's use of the confusingly similar trademarks and trade dress in his products is likely to cause confusion among the general purchasing public.

45. By misappropriating and using the Topps Trademarks and Trade Dress, Defendant misrepresents and falsely describes to the general public the origin and source of Defendant's Diaz GPK knock-offs and creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

46. Defendant's unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and selling of the Diaz GPK knock-offs creates express and implied misrepresentations that Diaz GPK knock-offs were created, authorized, or approved by Topps, all to Defendant's profit and Topps' great damage and injury.

47. These acts of Defendant violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Topps Trademarks and Trade Dress in connection with

the Diaz GPK knock-offs in interstate commerce constitutes false designation of origin and unfair competition.

48. Topps has no adequate remedy at law. If Defendant's activities are not enjoined, Topps will continue to suffer irreparable harm and injury to its goodwill and reputation.

49. As a result of Defendant's activities, Topps has been damaged in an amount to be ascertained at trial.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark and Trade Dress Infringement)

50. Topps hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

51. As a result of Topps' hard work and investments in producing, providing, and promoting Topps GARBAGE PAIL KIDS products, Topps has built-up valuable good will in the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products. As such, the Topps Trademarks and Trade Dress have become associated with and identify Topps GARBAGE PAIL KIDS products, and have come to symbolize the reputation for quality and excellence of Topps and its GARBAGE PAIL KIDS products.

52. Defendant's unauthorized use of the Topps Trademarks and Trade Dress is likely to and does permit Defendant to pass off its Diaz GPK knock-offs to the general public to the detriment of Topps and the unjust enrichment of Defendant. Such acts by Defendant have caused and continue to cause confusion as to the source and/or sponsorship of the Diaz GPK knock-offs.

53. Defendant's acts constitute willful infringement of Topps' exclusive rights in the Topps Trademarks and Trade Dress, in violation of state common law.

54. As a direct and proximate result of Defendant's conduct, Topps has suffered damage to its valuable Trademarks and Trade Dress in an amount to be ascertained at trial.

55. Topps does not have an adequate remedy at law, and will continue to be damaged by Defendant's sale of the Diaz GPK knock-offs unless this Court enjoins Defendants from such fraudulent business practices.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

56. Topps re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs of this Complaint.

57. Defendant's acts have misled and continue to mislead and deceive the public as to the source of the Diaz GPK knock-offs, permit and accomplish palming off of Defendant's goods as those of Topps, and falsely suggest an affiliation with or the approval of Topps. Therefore, Defendant has committed unfair competition in violation of state common law.

58. Defendant has benefited and been unjustly enriched by the confusion caused by his intentional trade on the good will associated with the Topps Trademark and Trade Dress.

59. As a direct and proximate result of Defendant's conduct, Topps has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

60. Topps does not have an adequate remedy at law, and will continue to be damaged by Defendant's sale of the Infringing Products unless this Court enjoins Defendants from such fraudulent business practices.

## PRAYER FOR RELIEF

WHEREFORE, Topps respectfully requests entry of judgment in its favor and against Defendant on all of the above causes of action as follows:

1.      That this Court permanently enjoin Defendant and all persons in active concert or participation with him:

      a.      From using in any manner the Topps Trademarks and Trade Dress, or any other designation that is confusingly similar to Topps Trademarks and Trade Dress, including, but not limited to the Diaz GPK knock-offs, that is likely to cause confusion, deception or mistake on or in connection with the advertising, distributing, offering for sale or selling of any product that is likely to infringe or dilute the Topps Trademarks and Trade Dress;

      b.      From passing off, inducing or enabling others to sell or pass off, the Diaz GPK knock-offs or any other product as and for products produced or approved by Topps;

      c.      From committing any acts calculated to cause purchasers to believe that the Diaz GPK knock-offs are sold under the control and supervision of Topps, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Topps;

      d.      From further diluting and infringing the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products, and damaging Topps' goodwill;

      e.      From otherwise competing unfairly with Topps in any manner; and

      f.      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

2.      That this Court enter a judgment finding that Defendant has infringed, and willfully infringed, the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products.

3.      That this Court enter a judgment finding that Defendant has diluted, and willfully diluted, the Topps Trademarks and Trade Dress in its GARBAGE PAIL KIDS products.

4.      That this Court enter a judgment finding that Defendant's use of the Topps Trademarks and Trade Dress in its the Diaz GPK knock-offs has caused and/or is likely to cause confusion among the general purchasing public as to the source of origin of the Diaz GPK knock-offs.

5.      That this Court enter a judgment finding that Defendant's use of the Topps Trademarks and Trade Dress in the Diaz GPK knock-offs has caused and/or is likely to cause initial interest and post-sale confusion among the general purchasing public as to the source of origin of the Diaz GPK knock-offs.

6.      That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in Defendant's possession, custody, or control that depict or reference the trademarks and trade dress covered by this Court's judgment;

7.      That this Court order Defendant to file with this Court and to serve upon Topps a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with any injunction resulting from this matter within thirty days after service of such injunction;

8.      That this Court award Topps such damages, compensatory and otherwise, as the proof may show;

9.    That this Court award Topps its reasonable attorneys' fees and costs incurred in connection with this action; and

10.    That this Court grant such other and further relief as this Court may deem just, proper and equitable under the circumstances.

Respectfully Submitted,

/s/ Michael A. Kahn
Michael A. Kahn (*lead counsel*) (#3125289)
kahn@capessokol.com
Rachel B. Berland (#6317705)
berland@capessokol.com
Capes Sokol Goodman & Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
Tel:  (314) 505-5406

Attorneys for The Topps Company, Inc.