E-FILED
Wednesday, 15 August, 2018  09:38:50 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**THE TOPPS COMPANY, INC.,**

    **Plaintiff,**

**v.**                                                    **Case No. 17-2226**

**LUIS DIAZ,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff The Topps Company, Inc.'s ("Plaintiff") Motion for Partial Stay of Discovery (#28). Defendant Luis Diaz ("Defendant") filed a Response (#31) in opposition to Plaintiff's Motion. For the reasons stated below, Plaintiff's Motion for Partial Stay of Discovery (#28) is DENIED.

### I.    Background

On October 11, 2017, Plaintiff filed its Complaint (#1) against Defendant, alleging trademark infringement (among other things) related to the production of Plaintiff's Garbage Pail Kids trading cards. Plaintiff filed an Amended Complaint (#12) on January 16, 2018.

On February 6, 2018, Defendant filed an Answer and Counterclaim (#14). Count IV of Defendant's Counterclaim alleges copyright infringement in relation to artwork produced by Defendant and allegedly copied by Plaintiff.

On February 21, 2018, the Court held a Rule 16 Scheduling Conference and set the discovery schedule for this case. On April 16, 2018, Defendant filed his First Amended Answer and Counterclaims (#21).

On April 27, 2018, Plaintiff filed a Motion to Dismiss all Four Counterclaims (#22). Specifically, Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6),

because the only similarities between Plaintiff's and Defendant's works are unprotectible ideas and other elements outside the scope of copyright protection, Defendant has failed to state a claim upon which relief can be granted. Defendant filed a Response (#25) to the Motion on May 16, 2018, and on May 22, 2018, Plaintiff filed a Reply (#27) in support of the Motion. The Motion to Dismiss is fully briefed and remains pending at the time of this Order.

On June 11, 2018, Plaintiff filed the instant Motion for Partial Stay of Discovery (#28). Plaintiff asks this Court to stay all discovery related to Count IV of Defendant's Counterclaim (the Copyright infringement claim) until the Court has ruled on Plaintiff's Rule 12(b)(6) Motion to Dismiss the Counterclaims. Plaintiff argues that it is a waste of its resources to pursue discovery on this claim while its Motion to Dismiss is pending. Defendant filed a Response (#31) in Opposition to the Motion to Stay Discovery on June 25, 2018. Defendant argues that discovery should proceed because the Motion to Dismiss does not create an automatic stay and that proceeding with discovery will not cause an undue burden on Plaintiff.

## II.     Analysis

Plaintiff cites to Federal Rule of Civil Procedure 26(c)(1) for the proposition that the Court may stay discovery for "good cause." Pursuant to Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." FED. R. CIV. P. 26(c)(1). "The party seeking a stay has no absolute right to a stay; rather, that party bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 2016 U.S. Dist. LEXIS 148649, *11 (S.D. Ind. 2016) (internal citations omitted).

> To carry its burden,
>
> the movant must show that good cause exists for the stay in this specific case; the good cause determination encompasses factors such as whether the stay will prejudice the non-movant, whether the stay will simplify the issues in the case, and whether the stay will reduce the burden of litigation for the parties or the court.

*Id.* at *11-*12.

"District Courts have extremely broad discretion in weighing these factors and in deciding whether a stay should issue." *Id.* at *12. Importantly, "[f]iling a motion to dismiss does not automatically stay discovery . . . and the court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss." *Red Barn Motors, Inc. v. Cox Enters.*, 2016 U.S. Dist. LEXIS 57876, *5-*6 (S.D. Ind. 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such as standing, jurisdiction, or qualified immunity." *Id.* at *6-*7.

In this case, Plaintiff has failed to carry its burden of showing that a stay of discovery is warranted. Plaintiff raises no potentially dispositive threshold issue such as standing, jurisdiction, or qualified immunity. *Id.* at *6-*7. Rather, Plaintiff's Motion is based on failure to state a claim under Rule 12(b)(6).

Furthermore, Plaintiff has failed to make a showing of undue burden or expense as required by Rule 26(c)(1). Plaintiff's Motion to Stay Discovery is not accompanied by affidavits or other supporting evidence to justify a stay. Rather, the Motion is made solely on the statements of counsel in briefs. *See* d/e #28. This is insufficient. *See Red Barn Motors, Inc.*, 2016 U.S. Dist. LEXIS 57876 at *7. *See also U.S. ex rel. Robinson*, 2015 U.S. Dist. LEXIS 84642, *13 (S.D. Ind. 2015) (indicating that a showing of undue burden "typically requires affidavits or other evidence supporting a party's assertions of burden"); *New Eng. Carpenters Health & Welfare Fund*, 2013 U.S. Dist. LEXIS 35644, *7-*8 (N.D. Ill. 2013) ("[Defendant] provides no clear showing of its burden or cost with any anticipated discovery. Therefore, Defendants' motion to stay discovery is denied.") (citation omitted).

Finally, the Court has to consider the prejudice to the judicial system as a whole and the prejudice to Defendant from a stay of discovery. *U.S. ex rel. Robinson*, 2015 U.S. Dist. LEXIS 84642 at *20-*22. ("District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously."). As already noted, in most instances a stay is not appropriate simply because a motion to dismiss has been filed, *Id.* at *21, because stays bring litigation to a

standstill. *New Eng. Carpenters Health & Welfare Fund*, 2013 U.S. Dist. LEXIS 35644, at 6. Here, Plaintiff provides no justification for staying discovery outside of its belief that the Motion to Dismiss will be granted. This is insufficient to justify the stay. If Plaintiff's position were accepted, almost all motions to dismiss would be accompanied by a motion to stay discovery, based on the moving party's belief in the impending success of their dispositive motion. In short, Plaintiff has failed to show undue burden or expense, and the Court declines to exercise its discretion to stay discovery.

### III.    Conclusion

For these reasons, Plaintiff's Motion for Partial Stay of Discovery (#28) is DENIED.

ENTERED this 15th day of August, 2018.

                                                          s/ERIC I. LONG
                                        UNITED STATES MAGISTRATE JUDGE